M’Girk, C. J.,
delivered the opiftion of the Court.
This was an action of assumpsit, by the administrators, in behalf of their intestate. The defendant plead set-off, and judgment for defendant for a small sum. On the trial the plaintiff offered Graves, one of the. plaintiffs, to prove work done by the intestate for the defendant. This-was objected to, and the objection sustained by the Court. The plaintiffs below bring their writ of error, and this is the only or.e presented by the record. In general, no party to a suit can be a witness, Phil. Evi. 57; a tru jtee cannot; a prochem amy cannot, because the prochein amy is always, and a trustee. sometimes, are liable for costs; bail cannot be a witness-for the principal; children of an intestate cannot be witnesses for the estate, because of interest, 2 Bac. 5S4 and 87. But it is said, in the last book, 387, that an executor, in a cause concerning the testator’s estate, may be a witness if he is not residuary legatee, or has not the surplusage. So parties, in their corporate capacities, may be witnesses; perhaps not in all cases, but where they are not responsible for costs they may give evidence, Phil. Evi. 57. So that the 'question of interest, in consequence of being liable for costs, is in all the above cases material, except the cases of the intestate’s children and the hail; then the administrators are not liable for costs', (see the Digest page 52.) This provision, as to liability for costs, puts the matter to rest. The next inquiry is, whether the administrator is interested by reason of the per cent, which may be allowed him ? The provision of the staute upon that subject is, Digest, 59, that the executors and .administrators shall he allowed, in their accounts, all reasonable disbursements, &c., and may he allowed such recompense for dheir personal trouble, not exceeding six per centum on the whole of the personal estate, *153 and one per eentum on the real estate, &,c. Here the allowance is to be in proportion to the trouble, not exceeding six per cent. Now, if the estate is large, and there is hardly any trouble about it, the allowance must be in proportion to that trouble, and not in proportion to the largeness of the estate. If a small estate is troublesome, the allowance is to be accordingly; but in neither case is the allowance to exceed six per cent.; so that here it is impossible for us to say there is such interest in the witness’ situation as to exclude him. An administrator may be in a situation that he ought net to be a witness; he may be a distributee; he may have a demand against the estate, and his own swearing might establish a fund to pay his debt; but none of these cases appear.
The judgment must, therefore be reversed, and remanded to the Circuit Court for a new trial to be had, not inconsistent with this opinion.