Louisa Swift, Administratrix, Respondent, v. Alexander K. Martin, Administrator, Appellant.

Kansas City Court of Appeals, November 23, 1885.

1. Executor de son Tort—Liability of.—If one, who is neither executor nor administrator, intermeddles with the goods of the deceased, or does any other act characteristic of the office of executor, he thereby makes himself, what is called in law an executor of his own wrong. When a man has so acted as to become in law an executor *de son tort*, he thereby renders himself liable, not only to an action by the rightful executor or administrator, but also to be sued as executor by a creditor of the deceased or by a legatee. 1 Williams on Executors, 153. And the estate of such executor is liable after his death.

2. Witness—Competency of—Rule as to.—At common law where the husband or wife is not a party to the record, but yet has an interest directly involved in the suit, and is, therefore, incompetent to testify, the other is also incompetent. And where the wife as a distributee of an estate, is not a competent witness, her husband because of being such would not be a competent witness. This disability has not been removed by the statutes. Neither sections 4010 nor 4014, Revised Statutes, has removed it.

Appeal from Nodaway Circuit Court, Hon. H. S. Kelley, Judge.

*Reversed and remanded.*

Statement of case by the court.

In 1869 Luther Swift died intestate, the owner and in possession of a certain promissory note for five hundred dollars, executed by one Enoch Liggett to Isaac

Lillybridge, and by him endorsed for value to said Luther Swift. At the time of said Luther Swift's death Isaac Lillybridge was indebted to him in the sum of five hundred dollars. Luther Swift died without children, but left a widow, Nancy Swift. Nancy Swift was not appointed administratrix of her late husband's estate, but nevertheless took the note and some other personal property into her control and possession, and collected the said note and also the debt due from Lillybridge to her husband. The amount thus collected was between $1,050 and $1,100. Nancy Swift died in 1880 intestate. After her death plaintiff was appointed administratrix of the estate of Luther Swift.

This action was instituted in the probate court of Nodaway county against the defendant, administrator of Nancy Swift's estate, for the purpose of recovering against said estate the amount so collected by Nancy Swift.

Plaintiff had judgment in the probate court. On a trial *de novo* in the circuit court, the plaintiff offered in evidence the deposition of Isaac R. Lillybridge, to which the defendant objected, because the petition in this case does not state facts sufficient to constitute a cause of action, and also " because said testimony related to transactions had with the plaintiff's intestate in her life-time, and witness' wife is interested as an heir of Luther Swift deceased." Which objections were overruled by the court. In his deposition Lillybridge stated that his wife was a sister of the deceased, Luther Swift.

The defendant asked, but the court refused the following declarations of law :

"1. The court, sitting as a jury, declares the law to be, that if one Liggett and one Lillybridge were indebted to one Luther Swift in his lifetime, and that after said Swift's death the said Liggett and the said Lillybridge paid the amount of their indebtedness to one Nancy Swift, widow of said Luther, and that at the time of such payment, the said Nancy Swift was not the administratrix of said Swift, deceased, nor entitled by law to re-

ceive the same, then such payments constituted no extinguishment of said indebtedness of said Liggett and Lillybridge to the estate of said Luther Swift, deceased, nor their liability to said estate. Nor does the fact of such payment to said Nancy Swift render her liable to repay to the administratrix of said Luther Swift, deceased, in this case; and the fact that Nancy Swift was the widow of said Luther Swift would make no difference in this case."

"3. The court further declares the law to be that if the debts owing by said Liggett and Lillybridge were due and payable to said Swift in his lifetime, then the statute of limitations began to run, and the death of said Swift would not cause said statute to cease to run. And if more than ten years have elapsed since the account owing by said Lillybridge became due before the commencement of this action, then said statute became a bar to plaintiff's right of recovery, and she cannot recover in this action."

The court, sitting as a jury, "after allowing and deducting from the money collected and received by said Nancy Swift, the sums she was entitled to as the widow of Luther Swift, deceased, out of his estate, found the balance for plaintiff."

Johnston & Anthony, for the appellant.

I. There is no difference in principle between the admissibility of the husband and that of the wife where the other is a party. According to this rule, the deposition of Lillybridge, who was incompetent because of his wife's interest in the result, should not have been admitted in evidence, and without this the payment of Nancy Swift, executor *de son tort*, was not shown. Greenleaf on Evidence (14 Ed.) sect. 355.

II. The statute of limitations had become a bar to plaintiff's right of recovery. Wood on Limitations, 8; *Lebeaume v. Hampstead*, 1 Mo. 772. And when the statute began to run no subsequent disability could arrest it, notwithstanding no administrator was appointed until after the time for the statute to become a bar.

III. The court erred in overruling defendant's ob-

jection to the introduction of any evidence, because of the insufficiency of statement, and the giving of plaintiff's and rejecting of defendant's instruction. *Graves v. Exchange Bank*, 17 N. Y. 265 ; *People ex rel.. etc.*, *v. Treasurer*, 43 Ill. 219 ; Story on Promissory Notes, sect. 375 ; *Maxwell v. Longnecker*, 82 Ill. 308 ; *Seamon v. Whitney*, 24 Wend. 260.

IV.   Notwithstanding she was the widow of Luther Swift, she had no right to collect these debts, and the payment to her was voluntary, and without legal sanction ; no payment at all, and consequently no extinguishment of the contracts.

DAVID REA, for the respondent.

I.   There was no error in admitting the deposition of Lillybridge, because of the interest of his wife in the result of the suit.   Rev. Stat., sect. 4010.   The common law rule of evidence has been modified by the statute, so that no person is now disqualified as a witness by reason of his interest in the event of the suit.   And the interest of Lillybridge's wife, whatever it may be in this case, does not disqualify her husband as a witness.

II.   If any limitation existed in favor of defendant, under the statute applying to suits against administrators, it could only be taken advantage of by pleading the same in bar of the action.   *Stiles v. Smith*, 55 Mo. 363. There is no such plea in this case.

III.   The payments to Nancy Swift did extinguish the debts.   She could not make defence to the contrary, if living, nor can her administrator make it for her estate. She was liable both to the wronged estate and to creditors of it.

IV.   The instructions were very favorable to the estate of Nancy Swift, and the representative of her estate has no reason to complain, and the judgment is clearly for the right party.   *Foster v. Nowlin*, 4 Mo. 18 ; *Graves, Adm'r, v. Page*, 17 Mo. 91 ; 1 Parsons on Contracts ( 6 Ed. ) 132 ; *Sherwood, Adm'r, v. Hill*, 25 Mo. 301 ; *Craslin v. Baker*, 8 Mo. 437.

## I.

HALL, J.—"If one, who is neither executor nor administrator, intermeddles with the goods of the deceased, or does any other act characteristic of the office of executor, he thereby makes himself what is called in law, an executor of his own wrong, or, more usually, an executor *de son tort.*" 1 Williams on Executors, 148 ; see, also, *Foster v. Nowlin,* 4 Mo. 18 ; *Craslin et al. v. Baker,* 8 Mo. 437 ; *Graves, Adm'r, v. Poage,* 17 Mo. 91 ; *Magner v. Ryan,* 19 Mo. 196.

"When a man has so acted as to become in law an executor *de son tort,* he thereby renders himself liable, not only to an action by the rightful executor or administrator, but also to be sued as executor by a creditor of the deceased, or by a legatee." 1 Williams on Executors, 153, 154.

The material facts of this case were stated in the petition. Those facts constitute a good cause of action. Under those facts Nancy Swift was an executrix of her husband's estate of her own wrong, and as such was in her lifetime liable. After her death this action was properly brought. The objection to the sufficiency of the petition made by defendant, was properly overruled by the trial court. The defendant's first declaration of law was, also properly refused.

The defendant is in error, in contending that the only ground upon which this action can be sustained, is, "that, had the debtors, Lillybridge and Liggett, paid the money due by their respective contracts to Nancy Swift, with the understanding and agreement of all parties that she would pay it to the legal representative of Luther, and that such legal representative had agreed to look to her for payment, then there would have been a novation, and Lillybridge and Ligget released and the new contract substituted for the old one." Without admitting the correctness of defendant's contention in any case, it is sufficient, in this case, to say that the defendant is in

error for the reasons already given.  Nancy Swift was in her lifetime liable, as an executrix of her own wrong, for the money of Luther Swift's estate collected by her. Her estate since her death is thus liable.

## II.

The declaration of law, number three, asked by the defendant was properly refused.  The cause of action here does not in any way depend upon the original debts. Nancy Swift collected those debts under circumstances which made her liable as an executrix of her own wrong, of Luther Swift's estate.  Upon that liability, and not upon the original debts, the cause of action in this case is based.

## III.

The remaining question in this case is, "was Lilly-bridge a competent witness ?"

At common law, "where the husband or wife is not a party to the record, but yet has an interest directly involved in the suit, and is, therefore, incompetent to testify, the other is also incompetent."  1 Greenleaf on Evidence, sect. 341.

And a distributee, being a brother of the deceased, and not being a party to the record, has been held to have such an interest, as at common law to render it incompetent for him to give evidence, "when that evidence would have the effect to enlarge the distributive share," or "to exempt the distributive fund from a payment or burden."  *Foster & Foster v. Nowlin,* 4 Mo. 22, and authorities cited.

"Children of an intestate cannot be witnesses for the estate because of interest."  This of course at common law.  *Graves & Ravenscraft, Adm'rs, etc., v. Priest,* 1 Mo. 214; 2 Bac. 584, 587.

"In an action by an administrator against a debtor of the intestate, a person entitled to a distributive share of the estate will not be a competent witness to support the action."  3 Philips on Evidence, 50.

It would thus appear that, at common law, the wife of the witness, Lillybridge, on account of her interest as a distributee of the estate of Luther Swift, would not have been for the plaintiff a competent witness, and that Lillybridge, on account of being her husband, would not have been a competent witness. The common law disability as to her on account of his interest, has been removed by our statutes. Rev. Stat., sect. 4010. The question is, has the common law disability of the witness, Lillybridge, on account of being the husband of the distributee, been removed? It has not been removed. Neither sections 4010 nor 4014, Revised Statutes, has removed such disability.

For this reason the judgment must be reversed. We cannot say that the judgment is for the right party, for without the testimony of Lillybridge, the payment of his debt to Nancy Swift was not shown. Judgment reversed and cause remanded. All concur.